SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

October 3, 2016

Elder Cax Lopez
ID No: 213453
Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA 18428

> **RE:** *State v. Elder C. Lopez*
> **ID No: 1501011238**

Dear Mr. Lopez:

This is my decision on your Motion for Postconviction Relief. You are a citizen and national of Guatemala and unlawfully in this country. You were born on May 5, 1992. The Georgetown Police Department conducted a sexual assault investigation involving a 14-year-old Hispanic female who was impregnated by a 22-year-old Hispanic male.[1] On January 5, 2015, the police conducted a forensic interview with the victim at the Children's Advocacy Center of Delaware. The victim stated that she was dating a 22-year-old male. The victim identified you as her boyfriend. After describing how the two of you met, the victim stated you invited her over to your house where the two of you engaged in sexual intercourse. The victim stated that she had sex with you on two occasions. Through this investigation, the

---

[1] These facts are taken from the affidavit of Detective Bradley Cordrey.

police were able to identify you as the suspect.

On January 13, 2015, the police interviewed you with the help of an interpreter. Georgetown Detective Bradley Cordrey explained to you that your name had come up in a criminal investigation. Prior to the start of the interview, Detective Cordrey read you your *Miranda* rights. After being read your rights, you told Detective Cordrey that you had been dating a female for about eight months. You acknowledged that your girlfriend was 14-years-old, and that you had entered into a sexual relationship with her knowing her age. You told Detective Cordrey that you believed the first sexual act took place sometime between October and November 2014.

You were charged with two counts of Rape in the Fourth Degree. On June 3, 2015, you entered a guilty plea to one count of Rape in the Fourth Degree. On July 24, 2015, I sentenced you to 15 years at Level V, suspended for 6 months of Level IV home confinement. On or about July 24, 2015, the United States Immigration and Custom Enforcement placed a detainer on you and took you into custody after your sentencing. You did not file a direct appeal from your plea. This is your first postconviction relief motion and it was filed in a timely manner. In this motion, you allege (1) ineffective assistance of counsel, (2) a Sixth Amendment right to counsel

2

violation, and (3) actual innocense.[2] Your trial counsel has filed an affidavit in response to your allegations. I have concluded that, given the straightforward nature of your allegations, there is no need to appoint an attorney for you or to hold an evidentiary hearing.

## I. Ineffective Assistance of Counsel

You allege that your trial counsel was ineffective because he (1) did not properly explain the consequences of your plea deal in relation to your immigration status, (2) induced you to waive your preliminary hearing, and (3) induced you to waive certain rights guaranteed to you by the United States Constitution.

The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[3] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted

---

[2] You cite to the Pennsylvania rules on postconviction relief. This Court does not operate under and is not bound by the Pennsylvania court rules. As such, this Court will apply Delaware Superior Court Criminal Rule 61 to your case.

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

on going to trial."[4]   Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[5]   It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[6]

## A. Plea Deal

You were taken into custody by the U.S. Immigration and Customs Enforcement on or about July 24, 2015, and charged with removability as a result of your conviction.  You allege that your trial counsel was ineffective because he failed to discuss the consequences of your plea deal with you as it related to the possibility of deportation.  You rely on *Padilla v. Kentucky*[7], wherein the United States Supreme Court held that counsel must inform his or her client about whether the plea carries a risk of deportation.  A review of the record indicates you were aware of the consequences of your plea.

---

[4] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[5]  *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[6] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

[7] 559 U.S. 356 (2010).

4

First, the Truth-In-Sentencing Guilty Plea form that you filled out with the help of your attorney and an interpreter includes a caveat directed to 'non-citizens' which advises non-citizens of the possibility of deportation or removal from the United States resulting from a criminal conviction. You signed the Truth-In-Sentencing Guilty Plea form, indicating you read and understood all of the questions. Specifically, you answered "yes" to the 'non-citizen' question indicating your awareness that a conviction could result in your deportation.

Second, the plea colloquy indicates that you were aware of the consequences of your plea. The following is an excerpt from your plea colloquy:

> The Court: I hate to be presumptuous, but did you go through the immigration consequences, [Counsel]?
>
> Counsel: Yes. And I should have put on the record that I advised Mr. Lopez that while I am not an immigration lawyer, I definitely believe it has serious immigration consequences and a plea and conviction on this offense is a deportable offense.
>
> The Court: Okay. Thank you. Mr. Lopez, do you understand that by taking this guilty plea, you may be forced to leave this country?
>
> The Defendant: Yes, sir.[8]

You are bound by the answers you gave on the Truth-In-Sentencing Guilty Plea

---

[8] Hearing Transcript at 4 (June 3, 2015).

Form and during your plea colloquy.[9]  You have failed to show that your trial counsel's representation was unreasonable or that you were unaware of the consequences of your guilty plea.  This allegation is without merit.

**B. Preliminary Hearing**

You allege that your trial counsel was ineffective because he tricked you into waiving your preliminary hearing without challenging the State's probable cause for your arrest.  Presumably, your argument is that had you not waived your preliminary hearing, the charges against you would have been dismissed through a successful challenge to the evidence at your preliminary hearing.  That would not have happened.  The victim's testimony was not necessary to prove probable cause for your arrest due to your voluntary admission to Detective Cordrey that you and the minor victim did in fact engage in an illegal sexual relationship.  That is enough for probable cause.  Additionally, you have not shown that the waiver of the preliminary hearing constituted deficient performance by your trial counsel, and the Court finds that you could not make that finding in light of the customary practice of waiving a preliminary hearing in exchange for the police report.  You have also not established that probable cause would not have been found had a preliminary hearing been held.  This allegation is without merit.

---

[9] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

6

## C. Trial

You allege that your trial counsel was ineffective because he did not provide you with an opportunity to go to trial. Nothing in your actions prior to accepting the plea offer or in your current motion supports your allegation. The basis for your allegation seems to be your contention that if the victim says the sexual intercourse was consensual, then there was not a crime. That is not true. The following are the applicable portions of the Truth-In-Sentencing Guilty Plea Form that address the voluntary nature of your plea:

> Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?
>
> You answered "yes."
>
> Have you been promised anything that is not stated in your written plea agreement?
>
> You answered "no."
>
> Has your lawyer, the State, or anyone threatened or forced you to enter this plea?
>
> You answered "no."
> 
> *********

Before accepting a guilty plea, the trial court must engage the defendant in a series of questions in open court in order to determine the voluntariness of the plea.[10]

---

[10] *Weeks v. State*, 653 A.2d 266, 269 (Del. 1995).

7

The following are the applicable portions of your plea colloquy that address the voluntariness of your plea:

> The Court: Thank you, [Counsel]. Mr. Lopez, I understand you have decided to plead guilty to the charge of rape in the fourth degree; is that what you have decided to do?
>
> The Interpreter: Yes, sir.[11]
>
> *********
>
> The Court: Do you understand that by taking this plea, you are giving up of all those rights and there won't be a trial?
>
> The Defendant: Yes, sir.
>
> The Court: Did anybody force you to take this plea?
>
> The Defendant: No, sir.
>
> The Court: Did anybody promise you anything for this plea?
>
> The Defendant: No, sir.
>
> The Court: Did you commit the offense that you are pleading guilty to?
>
> The Defendant: Yes, sir.
>
> The Court: Are you satisfied with your attorney's representation of you?
>
> The Defendant: Yes, sir.
>
> The Court: Are you sure that this is how you wish to resolve the charges against you?

---

[11] Hearing Transcript at 3 (June 3, 2015).

The Defendant: Yes, sir.[12]

You are bound by the answers you gave on the Truth-In-Sentencing Guilty Plea Form and during your plea colloquy.[13] Based on the answers that you gave, I conclude that your guilty plea was made voluntarily and with the knowledge that your were waiving your right to a trial.

## II. Sixth Amendment

You allege that you were denied your right to counsel at your preliminary hearing. On January 21, 2015, you were arrested and the Justice of the Peace Court set your bond in the amount of $2,500.00 unsecured for each charge. This allowed you to remain free pending trial. No statements were provided by you at this bond hearing that were later used against you in any manner. After the bond hearing, Detective Cordrey drove you to the Office of the Public Defender where you were provided counsel.

The Sixth Amendment of the Constitution of the United States provides that: "In all criminal prosecutions the accused shall … have the assistance of counsel for his defense." "The Sixth Amendment right to counsel is triggered at or after the time that judicial proceedings have been initiated whether by way of formal charge,

---

[12] *Id.* at 4-5.

[13] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

9

preliminary hearing, indictment, information, or arraignment."[14] Specifically, the United States Supreme Court has held that the state violates the Sixth Amendment when it uses a defendant's own incriminating words "deliberately elicited from him after he had been indicted and in the absence of his counsel."[15] A suspect, "having expressed his desire to deal with the police only through his counsel, [cannot be] subject[ed] to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."[16] "[T]he reasons for prohibiting the interrogation of an uncounseled prisoner who has asked for the help of a lawyer are even stronger after he has been formally charged with an offense than before."[17] "[A]fter a formal accusation has been made - and a person who had previously been just a 'suspect' has become an 'accused' within the meaning of the Sixth Amendment - the constitutional right to the assistance of counsel is of such importance that the police may no longer employ techniques for eliciting information from an uncounseled defendant that might have been entirely proper at an earlier stage of their

---

[14] *Alston v. State*, 554 A.2d 304, 308 (Del. 1989).

[15] *Fellers v. Unites States*, 540 U.S. 519, 523 (2004).

[16] *Michigan v. Jackson*, 475 U.S. 625, 626 (1986).

[17] *Id.* at 631.

10

investigation."[18]  Once the right to counsel has attached and been asserted, the State must of course honor it.  This means more than simply that the State cannot prevent the accused from obtaining the assistance of counsel.  The Sixth Amendment also imposes on the State an affirmative obligation to respect and preserve the accused's choice to seek this assistance."[19] Unlike the right-to-counsel situation discussed in *Miranda v. Arizona*[20], and other Fifth Amendment cases, the defendant's Sixth Amendment right to counsel is not dependent upon the defendant's request for such counsel.[21]   Instead, the latter right is activated by the initial judicial adversary proceeding and applies to any statements made by the defendant, even if unsolicited.[22]

You have not demonstrated that your Sixth Amendment rights were violated in any way.  What you claim was your preliminary hearing was nothing more than a bond hearing.  Your attorney waived your right to a preliminary hearing.  Your conversation with Detective Cordrey where you admitted to engaging in a sexual relationship with the victim occurred prior to both your arrest and the attachment of your Sixth Amendment rights.  You spoke freely to Detective Cordrey even after he

---

[18] *Id.* at 632.

[19] *Maine v. Moulton,* 474 U.S. 159, 170-171 (1985).

[20] 384 U.S.436 (1966).

[21] *Carnley v. Cochran*, 369 U.S. 506, 513 (1962).

[22] *McLeod v. Ohio*, 381 U.S. 356 (1965).

read you your *Miranda* rights. At no point did you ask for an attorney. You do not claim that any statements made by you during your bond hearing at the Justice of the Peace Court were used against you in any way. You do not claim that the statements you made to Detective Cordrey were received or used in violation of any of your rights. You do not claim that any statements made by you after your Sixth Amendment rights attached were used against you in any way. As mentioned above, the waiver of your preliminary hearing is a standard practice and you have not shown you were prejudiced in any way by it. Quite simply, you have not described a violation of your Sixth Amendment rights. This allegation is without merit.

### III. Actual Innocence

You claim that you are actually innocent of Rape in the Fourth Degree even though you admitted to the crime and pled guilty. Your claim is based upon your belief that there was neither a complaint filed against you nor a victim in your case because your relationship with the minor female was based in love and she did not file a complaint against you. Part of your argument or defense is that there was no "forcible compulsion" component to your sexual relationship with the victim.

The United States Supreme Court has explained that a showing of actual innocence likely is not an independent ground for collateral attack, but rather a basis

to overcome a procedural bar.[23] Assuming that an "actual innocence" claim is a ground that is a sufficient factual and legal basis for collateral attack,[24] the threshold for that claim "would necessarily be extraordinarily high."[25] "The [trial] [c]ourt should receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly established petitioner's innocence."[26] "The prisoner must 'show a fair probability that, in light of all the evidence ... the trier of the facts would have entertained a reasonable doubt of his guilt.'"[27]

Rape in the Fourth Degree does not require forcible compulsion. Rape in the Fourth Degree occurs when a person "intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's sixteenth birthday."[28] You admitted to sexual intercourse with the victim and the victim was fourteen at the time of the sexual intercourse. If that evidence was not enough, you also impregnated

---

[23] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[24] *Id.*

[25] *Id.* at 417.

[26] *Id.*

[27] Henry J. Friendly, *Is Innocence Irrelevant?, Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970).

[28] 11 *Del.C.* § 770(a)(1).

13

the victim. You have admitted this not only to Detective Cordrey and this Court, but in your motion for postconviction relief. These facts were known to you at the time you entered your guilty plea. There is no reasonable doubt about your guilt. This allegation is without merit.

## CONCLUSION

Your Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Counsel
       Prothonotary